**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**ST. JOSEPH DIVISION**

| | |
|---|---|
| **DIANA M. STICHLER, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **Case No.** |
| **v.** | **COLLECTIVE AND CLASS ACTION** |
| **TRINITY LOGISTICS, INC. d/b/a TRINITY LOGISTICS INCORPORATED OF DELAWARE,** | <u>**JURY TRIAL REQUESTED**</u> |
| **Defendant.** | |

<u>**COMPLAINT**</u>

Plaintiff, Diana M. Stichler ("Stichler"), individually and on behalf of all others similarly situated, brings this Complaint against Defendant Trinity Logistics, Inc. d/b/a Trinity Logistics Incorporated of Delaware ("Defendant" or "Trinity") and hereby states and alleges as follows:

<u>**INTRODUCTION**</u>

1.      Plaintiff brings this action against Defendant for unpaid wages, including straight time and overtime compensation and related penalties and damages.  Defendant's policies and practices are to willfully fail and refuse to properly pay all compensation, including straight time and overtime compensation due Plaintiff, and all other similarly situated employees, who work or worked at Defendant's locations throughout the United States.

2.      This matter is brought on behalf of two separate types of employees who Plaintiff alleges were unlawfully misclassified as exempt employees and were denied compensation for hours worked in excess of forty hours in a workweek at the rates required by the Fair Labor Standards Act ("FLSA") and the Missouri Minimum Wage Law ("MMWL"):

   a.      **Logistics Specialists**:  These are individuals who performed inside sales

1

related job duties in support of Defendant's freight broking activities who worked for Defendant during the statutory period. This category is not limited to employees with the job title of "Logistics Specialist," but also includes any other employees who perform similar primary job duties. Plaintiff was employed by Defendant as a Logistics Specialist, and like all other Logistics Specialists and similarly situated employees, she was misclassified as an exempt employee. Plaintiff and other similarly situated employees regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 201 *et seq.*; the MMWL, R.S.Mo. § 290.500, *et seq.*; and state common law.

b. **Administrative Assistants**: These are individuals who performed general administrative duties for Defendant during the statutory period. This category is not limited to employees with the job title of "Administrative Assistant," but also includes any other employees who perform similar primary job duties. Plaintiff was employed by Defendant as an Administrative Assistant and, like all other Administrative Assistants and similarly situated employees, she was misclassified as an exempt employee. Plaintiff and other similarly situated employees regularly worked in excess of forty hours in a workweek without receiving overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek in violation of the FLSA, 29 U.S.C. § 201 *et seq.*; the MMWL, R.S.Mo. § 290.500, *et seq.*; and state common law.

3. Logistics Specialists were improperly classified as exempt employees pursuant to the FLSA. Logistics Specialists' primary duties did not involve the performance of exempt duties. Logistics Specialists regularly suffered or were permitted to work by Defendant in excess of forty hours in a workweek without being compensated at the applicable legal rates in violation of the

2

FLSA. Defendant failed, and continues to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons of compensation for all straight time and overtime pay, and is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq.*; the MMWL, R.S.Mo. § 290.500, *et seq.*; and state common law. Defendant's conduct was willful in that it knew that its payroll policies, practices and/or procedures were in violation of the FLSA, the MMWL, and state common law, or it showed reckless disregard with respect to whether such policies, practices and/or procedures were in violation of the law.

4. Administrative Assistants were improperly classified as exempt employees pursuant to the FLSA. Administrative Assistants' primary duties did not involve the performance of exempt duties. Administrative Assistants regularly suffered or were permitted to work by Defendant in excess of forty hours in a workweek without being compensated at the applicable legal rates in violation of the FLSA. Defendant failed, and continues to fail, to compensate these employees for all hours worked in excess of forty hours in a workweek. Doing so denies such persons of compensation for all straight time and overtime pay, and is in direct violation of the FLSA, 29 U.S.C. § 201 *et seq.*; the MMWL, R.S.Mo. § 290.500, *et seq.*; and state common law. Defendant's conduct was willful in that it knew that its payroll policies, practices and/or procedures were in violation of the FLSA, the MMWL, and state common law, or it showed reckless disregard with respect to whether such policies, practices and/or procedures were in violation of the law.

5. Plaintiff seeks compensation on behalf of herself and all others similarly situated for work performed, straight time and overtime premiums for all overtime work required, suffered, or permitted by Defendant; liquidated and/or other damages as permitted by applicable law; and attorney's fees, costs, and expenses incurred in this action.

## PARTIES

6.    Plaintiff is a resident of Jackson County, Missouri.

7.    From approximately February 10, 2014 to February 1, 2018, Plaintiff worked at Defendant's office located at 10380 North Ambassador Drive, Suite 102, Kansas City, Missouri 64153, as a Logistics Specialist and as an Administrative Assistant.  Plaintiff's Consent to Join pursuant to 29 U.S.C. § 216(b) is attached hereto as *Exhibit A*.

8.    Defendant is a corporation organized under the laws of the State of Delaware, with its principle place of business located in the State of Delaware.  Defendant is registered to do business in the State of Missouri and is in good standing in the State of Missouri.

9.    According to the Application for Certificate of Authority For a Foreign For-Profit Corporation that Defendant filed with Missouri's Secretary of State's office on January 27, 2014, the name Defendant uses in the State of Missouri is Trinity Logistics Incorporated of Delaware.

10.    According to Trinity's website: "For the past 35 years, we've been arranging global freight solutions for businesses of all sizes.  Whether it's truckload shipping, LTL shipping, intermodal logistics, international, or other specialty freight, we'll handle it with the outstanding customer service and sense of urgency that you and your business deserve." https://www.trinitylogistics.com/ (last visited on March 7, 2018).  "Today, Trinity Logistics has nearly 300 Team Members in five regional service center locations and 100 agent offices." https://www.trinitylogistics.com/about-us/ (last visited on March 7, 2018).

11.    At all relevant times, Defendant has been the employer of Plaintiff and all other similarly situated employees, and is therefore liable as an employer, joint employer, single employer, and/or otherwise according to statutory and common law.

12.    At all relevant times, Defendant acted by and through its agents, servants, and

4

employees, each of whom acted at all relevant times herein in the course and scope of their employment with and for Defendant.

**JURISDICTION AND VENUE**

13.     The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over the FLSA claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

14.     Missouri law authorizes court actions by private parties to recover damages for violation of the MMWL's wage and hour provisions.  Jurisdiction over the state law claims of Plaintiff and all others similarly situated is based on 28 U.S.C. § 1367 and R.S.Mo. § 290.527, in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

**CLASS & COLLECTIVE ACTION ALLEGATIONS**

16.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

17.     Plaintiff brings Counts I and II, the FLSA claims arising out of Defendant's misclassification of Logistics Specialists and Administrative Assistants, as "opt-in" collective actions pursuant to 29 U.S.C. § 216(b).  Plaintiff, individually, and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendant's policy, practice, and/or procedure of improperly misclassifying Logistics Specialists, Administrative Assistants, and others with similar job titles, duties, and compensation structures, as exempt from the overtime requirement of the FLSA and failing and refusing to pay all straight time and overtime

5

compensation at the applicable and legal rates in violation of the FLSA for hours worked in excess of forty in a workweek. The Logistics Specialist and Administrative Assistant FLSA collectives are defined as follows:

> a. **FLSA Logistics Specialist Collective**: All persons currently or formerly employed by Defendant as Logistics Specialists (and others with similar job titles, duties, and compensation structures) within the United States at any time within the last three (3) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

> b. **FLSA Administrative Assistant Collective**: All persons currently or formerly employed by Defendant as Administrative Assistants (and others with similar job titles, duties, and compensation structures) within the United States at any time within the last three (3) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

18. Plaintiff brings Counts III and IV, the MMWL claims arising out of Defendant's misclassification of Logistics Specialists and Administrative Assistants, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23. Plaintiff, individually, and on behalf of other similarly situated employees, seeks relief on a class basis challenging Defendant's policies, practices, and/or procedures of improperly classifying Logistics Specialists and Administrative Assistants, and others with similar job titles, duties, and compensation structures, as exempt from the overtime requirement of the MMWL, and failing and refusing to pay all straight time and overtime compensation at the applicable and legal rates in violation of the MMWL for hours worked in

6

excess of forty in a workweek. The Logistics Specialist and Administrative Assistant classes are defined as follows:

      a.     **MMWL Logistics Specialist Class**: All persons currently or formerly employed by Defendant as Logistics Specialists (and others with similar job titles, duties, and compensation structures) within the State of Missouri at any time within the last two (2) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

      b.     **MMWL Administrative Assistant Class**: All persons currently or formerly employed by Defendant as Administrative Assistants (and others with similar job titles, duties, and compensation structures) within the State of Missouri at any time within the last two (2) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

19.     Plaintiff brings Counts V and VI, the breach of contract claims arising out of Defendant's actions, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following classes:

      a.     **Breach of Contract Logistics Specialist Class**: All persons currently or formerly employed by Defendant as Logistics Specialists (and others with similar job titles, duties, and compensation structures) within the State of Missouri at any time within the last five (5) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

7

b. **Breach of Contract Administrative Assistant Class**: All persons currently or formerly employed by Defendant as Administrative Assistants (and others with similar job titles, duties, and compensation structures) within the State of Missouri at any time within the last five (5) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

20.     Plaintiff brings Counts VII and VIII, the Unjust Enrichment/Quantum Meruit claims arising out of Defendant's actions, as an "opt-out" class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following classes:

a. **Unjust Enrichment/Quantum Meruit Logistics Specialist Class**: All persons currently or formerly employed by Defendant as Logistics Specialists (and others with similar job titles, duties, and compensation structures) within the State of Missouri at any time within the last five (5) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in excess of forty in a workweek.

b. **Unjust Enrichment/Quantum Meruit Administrative Assistant Class**: All persons currently or formerly employed by Defendant as Administrative Assistants (and others with similar job titles, duties, and compensation structures) within the State of Missouri at any time within the last five (5) years, who were classified as exempt and denied compensation at a rate of one and one-half times their regular rate of pay for all hours worked in

8

excess of forty in a workweek.

<u>**Allegations Applicable to All Logistics Specialist Claims**</u>
<u>**(Counts I, III, V, VII)**</u>

21.     Plaintiff and the putative class members held the position of Logistics Specialist or other positions with similar job titles, duties, and compensation structures.

22.     As Logistics Specialists, Plaintiff and the putative class members were misclassified as exempt from the overtime requirements of the FLSA and the MMWL and were regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the MMWL, R.S.Mo. § 290.500, *et seq.*; and state common law.

23.     Plaintiff and other similarly situated employees regularly performed work in excess of forty (40) hours per week without receiving straight time and overtime compensation pursuant to the FLSA and MMWL.

24.     Defendant employs/employed other Logistics Specialists, and others with similar job titles, duties, and compensations structures, like Plaintiff, at other locations throughout the United States, who are/were misclassified as exempt from the overtime requirements of the FLSA and MMWL, and who were required to perform work in excess of forty (40) hours in a workweek without receiving all straight time and overtime compensation due in violation of the FLSA, MMWL, and state common law.

25.     Plaintiff and other Logistics Specialists, and others with similar job titles, duties, and compensation structures, were improperly compensated under the FLSA, MMWL, and state common law.  These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

<u>**Allegations Applicable to All Administrative Assistant Claims**</u>
<u>**(Counts II, IV, VI, VIII)**</u>

9

26.     Plaintiff and the putative class members held the position of Administrative Assistant or other positions with similar job titles, duties, and compensation structures.

27.     As Administrative Assistants, Plaintiff and the putative class members were misclassified as exempt from the overtime requirements of the FLSA and the MMWL and were regularly denied straight time and overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, the MMWL, R.S.Mo. § 290.500, *et seq.*; and state common law.

28.     Plaintiff and other similarly situated employees regularly performed work in excess of forty (40) hours per week without receiving straight time and overtime compensation pursuant to the FLSA, MMWL, and state common law.

29.     Defendant employs/employed other Administrative Assistants and others with similar job titles, duties, and compensations structures, like Plaintiff, at other locations throughout the United States, who are/were misclassified as exempt from the overtime requirements of the FLSA and MMWL, and who were required to perform work in excess of forty (40) hours in a workweek without receiving all straight time and overtime compensation due in violation of the FLSA, MMWL, and state common law.

30.     Plaintiff and other Administrative Assistants, and others with similar job titles, duties, and compensation structures, were improperly compensated under the FLSA, MMWL, and state common law.  These "similarly situated" employees were not properly compensated for their work at the legal and proper rate of pay.

## Allegations Applicable to All FLSA Claims (Counts I-II)

31.     At all times relevant herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

32.     The FLSA regulates, among other things, the payment of overtime compensation

10

by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

33. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees for services performed and to compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week. 29 U.S.C. § 207(a).

34. Defendant is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

35. During all relevant times to this action, Defendant has been the "employer" of Plaintiff and all similarly situated employees within the meaning of the FLSA. 29 U.S.C. § 203(d).

36. During all times relevant to this action, Plaintiff and all similarly situated employees were Defendant's "employees" within the meaning of the FLSA. 29 U.S.C. § 203(e).

37. Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees are entitled to and must be paid overtime wages in accordance with 29 U.S.C. § 207.

38. All similarly situated Logistics Specialists, Administrative Assistants, and others with similar job titles, duties, and compensation structures, working for Defendant are similarly situated in that they are all misclassified as exempt under the FLSA and they regularly work in excess of forty hours in a workweek without receiving all straight time and overtime compensation at a rate of one and one-half times the regular rate for all hours worked in excess of forty in a workweek.

39. All similarly situated Logistics Specialists, Administrative Assistants, and others

11

with similar job titles, duties, and compensation structures, are similarly situated in that they are all subject to Defendant's same compensation policies, plans and/or procedures of unlawfully misclassifying Logistics Specialists, Administrative Assistants, and others with similar job titles, duties, and compensation structures, as exempt and denying them straight time and overtime compensation due under the FLSA.

40.     Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of willfully failing and refusing to pay all straight time and overtime compensation for all hours worked in excess of forty hours in a workweek.

41.     The number and identity of other plaintiffs yet to opt-in and consent to be party-plaintiffs may be determined from Defendant's records, and putative class members may easily and quickly be notified of the pendency of this action.

42.     Defendant's conduct was willful in that it knew that its payroll policies, practices and/or procedures violated the FLSA or it showed reckless disregard with regards to whether such policies, practices and/or procedures violated the FLSA, which constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

## Allegations Applicable to State and Common Law Claims (Counts III-VII)

43.     Defendant is subject to the overtime pay requirements of R.S.Mo. § 290.505 because it is an employer in the state of Missouri under R.S.Mo. § 290.500(4). At all times relevant herein, Plaintiff and the MMWL putative class members have been entitled to the rights, protections, and benefits provided under R.S.Mo. § 290.500, *et seq.*

44.     The MMWL requires employers to pay employees one and one-half times their "regular rate" of pay for work performed in excess of forty hours in a work week. R.S.Mo. §

290.505. The "regular hourly rate of pay of an employee is determined by dividing his [or her] total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him [or her] in that workweek for which such compensation was paid." 29 C.F.R. § 778.109.

45.     As alleged above, Plaintiff and other similarly situated employees were improperly classified as exempt from the overtime requirements of state and federal law and were suffered or permitted to work by Defendant while not being paid all straight time and overtime compensation that is due and owing at the legal and applicable rates.

46.     Defendant violated the MMWL, R.S.Mo. § 290.500 *et seq*., by failing to pay Plaintiff and all other similarly situated employees for all hours worked in excess of forty hours in a workweek at the legal and applicable wage rates.

47.     Plaintiff and the MMWL putative class members are victims of an unlawful and entity-wide compensation policy. Defendant continues to apply and enforce this policy and thereby continue to violate R.S.Mo. § 290.505.

48.     Defendant acted in bad faith and without reasonable grounds to believe their actions and omissions were compliant with the MMWL. As a result of these willful violations, Defendant unlawfully withheld wages and overtime compensation from Plaintiff and other similarly situated employees for which Defendant is liable pursuant to R.S.Mo. §§ 290.505; 290.527.

49.     Plaintiff and the putative class members are victims of uniform and employer-based compensation policies, practices, and/or procedures that violate state/federal law and/or violate contracts. Defendant is uniformly applying these policies, practices, and/or procedures.

50.     Plaintiff and the putative class members are entitled to all actual, liquidated, and interest related damages as provided by law. Additionally, they are entitled to all costs and

13

reasonable attorneys' fees incurred in the prosecution of this action.

51. Plaintiff's common law claims (Counts III-VII) satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

52. These classes are so numerous that joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mailing, e-mailing, and/or posting of an approved notice.

53. There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendant's action include, without limitation, the following:

    a.    Whether Defendant had a policy, practice, and/or custom of illegally classifying the MMWL, Breach of Contract, and Unjust Enrichment/Quantum Meruit putative class members as exempt from state and federal overtime laws in violation of state law, federal law, and/or contract;

    b.    Whether Defendant had a policy, practice, and/or custom of failing to pay the MMWL, Breach of Contract, and Unjust Enrichment/Quantum Meruit putative class members all wages due to them;

    c.    Whether Defendant's conduct gives rise to claims for violations of the MMWL, Breach of Contract, and Unjust Enrichment/and Quantum Meruit;

    d.    The class-wide measure of damages;

    e.    Whether Defendant knew or had reason to know such policies and compensation practices were unlawful; and

f.  Whether Defendant retained a benefit for such unlawful policies and compensation practices.

54.  The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

55.  The named Plaintiff's claims are typical of those of the respective classes in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

56.  A class action is the superior method for the fair and efficient adjudication of Plaintiff's claims.  Defendant has acted, or refused to act, on grounds generally applicable to the classes.  The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

57.  The named Plaintiff is an adequate representative because she is a member of the respective classes that she purports to represent, and her interests do not conflict with the interests of the members of those classes for which she seeks to represent.  The interests of the members of the classes will be fairly and adequately protected by the named Plaintiff and her undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

58.  Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy.  It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action.  Additionally, the maintenance of separate

15

actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – LOGISTICS SPECIALIST FLSA CLAIM

59. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

60. Defendant unlawfully classified Plaintiff and members of the putative FLSA Logistics Specialist Collective as exempt employees under the FLSA.

61. Defendant violated the FLSA by failing to compensate Plaintiff and members of the putative FLSA Logistics Specialist Collective at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

62. Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of herself and members of the putative FLSA Logistics Specialist Collective who have not been compensated at the legally applicable wage rates for all hours worked on Defendant's behalf.

**WHEREFORE**, Plaintiff on behalf of herself and members of the putative FLSA Logistics Specialist Collective, pray for relief as follows:

a. Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Logistics Specialist Collective, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

b. Designation of Plaintiff as a Representative Plaintiff of the FLSA Logistics Specialist Collective;

c. Designation of Plaintiff's counsel as Class Counsel of the FLSA Logistics Specialist Collective;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the putative FLSA Logistics Specialist Collective to be

16

paid by Defendant;

e.      An award of liquidated damages for straight time and overtime compensation due to the FLSA Logistics Specialist Collective to be paid by Defendant;

f.      Pre-Judgment and Post-Judgment Interest as provided by law;

g.      Plaintiff's costs and expenses of this action including expert fees;

h.      Reasonable attorneys' fees; and

i.      All such other and further relief as this Court deems necessary.

## COUNT II – ADMINISTRATIVE ASSISTANT FLSA CLAIM

63.      Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

64.      Defendant unlawfully classified Plaintiff and members of the putative FLSA Administrative Assistant Collective as exempt employees under the FLSA.

65.      Defendant violated the FLSA by failing to compensate Plaintiff and members of the putative FLSA Administrative Assistant Collective at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

66.      Plaintiff brings this Complaint as a collective action pursuant to 29 U.S.C. § 216(b) of the FLSA, on behalf of herself and members of the putative FLSA Administrative Assistant Collective who have not been compensated at the legally applicable wage rates for all hours worked on Defendant's behalf.

**WHEREFORE**, Plaintiff, on behalf of herself and members of the putative FLSA Administrative Assistant Collective, pray for relief as follows:

a.      Designation of this action as a collective action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Administrative Assistant Collective apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual Consents to Join pursuant to 29 U.S.C. § 216(b);

17

b.      Designation of Plaintiff as Representative Plaintiff of the putative FLSA Administrative Assistant Collective;

c.      Designation of Plaintiff's counsel as Class Counsel of the putative FLSA Administrative Assistant Collective;

d.      An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the putative FLSA Administrative Assistant Collective to be paid by Defendant;

e.      An award of liquidated damages for straight time and overtime compensation due to Plaintiff and the putative FLSA Administrative Assistant Collective to be paid by Defendant;

f.      Pre-Judgment and Post-Judgment Interest as provided by law;

g.      Plaintiff's costs and expenses of this action including expert fees;

h.      Reasonable attorneys' fees; and

i.      All such other and further relief as this Court deems necessary.

## COUNT III – LOGISTICS SPECIALIST MMWL CLAIM

67.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

68.     Defendant unlawfully classified Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class as exempt employees under state and/or federal law.

69.     Defendant violated the MMWL by failing to compensate Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

70.     Plaintiff brings this Complaint as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and members of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class who have not been compensated at the legally applicable wage rates for all hours

worked on Defendant's behalf.

**WHEREFORE**, Plaintiff, on behalf of herself and members of the putative MMWL Logistics Specialist Class, prays for relief as follows:

a. Designation of this action as a class action on behalf of the putative MMWL Logistics Specialist Class;

b. Designation of Plaintiff as Representative Plaintiff of the putative MMWL Logistics Specialist Class;

c. Designation of Plaintiff's counsel as Class Counsel of the putative MMWL Logistics Specialist Class;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the MMWL Logistics Specialist Class to be paid by Defendant;

e. An award of liquidated damages for straight time and overtime compensation due to Plaintiff and the putative MMWL Logistics Specialist Class to be paid by Defendant;

f. Pre-Judgment and Post-Judgment Interest as provided by law;

g. Plaintiff's costs and expenses of this action including expert fees;

h. Reasonable attorneys' fees; and

i. All such other and further relief as this Court deems necessary.

## COUNT IV – ADMINISTRATIVE ASSISTANT MMWL CLAIM

71. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

72. Defendant unlawfully classified Plaintiff and members of the putative MMWL Administrative Assistant Class as exempt employees under state and/or federal law.

73. Defendant violated the MMWL by failing to compensate Plaintiff and members of the putative MMWL Administrative Assistant Class at the legally applicable straight time and overtime rates for all hours worked in excess of forty hours in a workweek.

74. Plaintiff brings this Complaint as a class action pursuant to Fed. R. Civ. P. 23, on

19

behalf of herself and members of the putative MMWL Administrative Assistant Class who have not been compensated at the legally applicable wage rates for all hours worked on Defendant's behalf.

**WHEREFORE**, Plaintiff, on behalf of herself and members of the putative MMWL Administrative Assistant Class, prays for relief as follows:

a. Designation of this action as a class action on behalf of the putative MMWL Administrative Assistant Class;

b. Designation of Plaintiff as a Representative Plaintiff of the putative MMWL Administrative Assistant Class;

c. Designation of Plaintiff's counsel as Class Counsel of the putative MMWL Administrative Assistant Class;

d. An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the putative MMWL Administrative Assistant Class to be paid by Defendant;

e. An award of liquidated damages for straight time and overtime compensation due to Plaintiff and the putative MMWL Administrative Assistant Class to be paid by Defendant;

f. Pre-Judgment and Post-Judgment Interest as provided by law;

g. Plaintiff's costs and expenses of this action including expert fees;

h. Reasonable attorneys' fees; and

i. All such other and further relief as this Court deems necessary.

## COUNT V – LOGISTICS SPECIALIST BREACH OF CONTRACT CLAIM

75. Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

76. Defendant entered into a contract, express or implied, with Plaintiff and members of the putative Breach of Contract Logistics Specialist Class, under which Defendant would pay the putative class members for all work performed for Defendant pursuant to applicable law.

77. Defendant breached this contract by its course of conduct explained above.

20

78.     Defendant's breach was willful and not the result of mistake or inadvertence.

79.     As a direct result of Defendant's unlawful conduct, Plaintiff and members of the putative Breach of Contract Logistics Specialist Class have suffered a loss of compensation.

80.     Plaintiff and members of the putative Breach of Contract Logistics Specialist Class seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of herself and the putative Breach of Contract Logistics Specialist Class, pray for relief as follows:

a.      Designation of this action as a class action on behalf of the putative Breach of Contract Logistics Specialist Class;

b.      Designation of Plaintiff as Representative Plaintiff of the Breach of Contract Logistics Specialist Class;

c.      Designation of Plaintiff's counsel as Class Counsel of the putative Breach of Contract Logistics Specialist Class;

d.      An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the Breach of Contract Logistics Specialist Class to be paid by Defendant;

e.      Pre-Judgment and Post-Judgment Interest as provided by law;

f.      Plaintiff's costs and expenses of this action including expert fees;

g.      Reasonable attorneys' fees; and

h.      All such other and further relief as this Court deems necessary.

## COUNT VI – ADMINISTRATIVE ASSISTANT BREACH OF CONTRACT CLAIM

81.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

82.     Defendant entered into a contract, express or implied, with Plaintiff and members of the putative Breach of Contract Administrative Assistant Class, under which Defendant would pay the putative class members for all work performed for Defendant pursuant to applicable law.

21

83.     Defendant breached this contract by its course of conduct explained above.

84.     Defendant's breach was willful and not the result of mistake or inadvertence.

85.     As a direct result of Defendant's unlawful conduct, Plaintiff and members of the putative Breach of Contract Administrative Assistant Class have suffered a loss of compensation.

86.     Plaintiff and members of the putative Breach of Contract Administrative Assistant Class seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of herself and members of the putative Breach of Contract Administrative Assistant Class, pray for relief as follows:

a.     Designation of this action as a class action on behalf of the putative Breach of Contract Administrative Assistant Class;

b.     Designation of Plaintiff as Representative Plaintiff of the putative Breach of Contract Administrative Assistant Class;

c.     Designation of Plaintiff's counsel as Class Counsel of the putative Breach of Contract Administrative Assistant Class;

d.     An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the putative Breach of Contract Administrative Assistant Class to be paid by Defendant;

e.     Pre-Judgment and Post-Judgment Interest as provided by law;

f.     Plaintiff's costs and expenses of this action including expert fees;

g.     Reasonable attorneys' fees; and

h.     All such other and further relief as this Court deems necessary.

### COUNT VII – LOGISTICS SPECIALIST
### UNJUST ENRICHMENT / QUANTUM MERUIT CLAIM

87.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

88.     Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit

22

Logistics Specialist Class conferred a benefit upon Defendant by working on Defendant's behalf without being paid all compensation due and owing.

89.     Defendant had an appreciation or knowledge of the benefit conferred by Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class.

90.     Defendant accepted and retained the benefit under such circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

91.     By failing to pay Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class for all work performed pursuant to applicable law, Defendant obtained substantial benefits and have been unjustly enriched.

92.     Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of herself and members of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class, prays for relief as follows:

a.     Designation of this action as a class action on behalf of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class;

b.     Designation of Plaintiff as Representative Plaintiff of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class;

c.     Designation of Plaintiff's counsel as Class Counsel of the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class;

d.     An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the putative Unjust Enrichment/Quantum Meruit Logistics Specialist Class to be paid by Defendant;

e.     Pre-Judgment and Post-Judgment Interest as provided by law;

f.     Plaintiff's costs and expenses of this action including expert fees;

23

g.      Reasonable attorneys' fees; and

h.      All such other and further relief as this Court deems necessary.

<u>**COUNT VIII – ADMINISTRATIVE ASSISTANT**</u>
<u>**UNJUST ENRICHMENT / QUANTUM MERUIT CLAIM**</u>

93.     Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

94.     Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class conferred a benefit upon Defendant by working on Defendant's behalf without being paid all compensation due and owing.

95.     Defendant had an appreciation or knowledge of the benefit conferred by Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class.

96.     Defendant accepted and retained the benefit under such circumstances as to make it inequitable for Defendant to retain the benefit without payment of its value.

97.     By failing to pay Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class for all work performed pursuant to applicable law, Defendant obtained substantial benefits and have been unjustly enriched.

98.     Plaintiff and members of the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class seek the amount of their underpayment of compensation and such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

**WHEREFORE**, Plaintiff, on behalf of herself and members of the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class, prays for relief as follows:

a.      Designation of this action as a class action on behalf of the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class;

b.      Designation of Plaintiff as Representative Plaintiff of the putative Unjust

24

Enrichment/Quantum Meruit Administrative Assistant Class;

c.      Designation of Plaintiff's counsel as Class Counsel of the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class;

d.      An award of damages for unpaid straight time and overtime compensation due to Plaintiff and the putative Unjust Enrichment/Quantum Meruit Administrative Assistant Class to be paid by Defendant;

e.      Pre-Judgment and Post-Judgment Interest as provided by law;

f.      Plaintiff's costs and expenses of this action including expert fees;

g.      Reasonable attorneys' fees; and

h.      All such other and further relief as this Court deems necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues so triable.

Dated:  March 8, 2018                    Respectfully submitted,

                                          McCLELLAND LAW FIRM
                                          *A Professional Corporation*

                                          By:     /s/ Ryan L. McClelland
                                                  Ryan L. McClelland, MO Bar #59343
                                                  Michael J. Rahmberg, MO Bar #66979
                                                  The Flagship Building
                                                  200 Westwoods Drive
                                                  Liberty, Missouri   64068-1170
                                                  Telephone:     (816) 781-0002
                                                  Facsimile:     (816) 781-1984
                                                  ryan@mcclellandlawfirm.com
                                                  mrahmberg@mcclellandlawfirm.com

                                                  ATTORNEYS FOR PLAINTIFF